UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SABRINA L. DONALD,

      Plaintiff,                      CIVIL ACTION NO. 13-11845

     v.                           DISTRICT JUDGE JOHN CORBETT O'MEARA
                                 MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.  RECOMMENDATION:

      **Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED,** as substantial evidence existed on the record that Plaintiff regained the residual functional capacity to perform a restricted range of sedentary work after August 1, 2011.

## II.  REPORT:

### A.  Introduction and Procedural History

    Plaintiff filed an application for Social Security Disability Insurance Benefits on July 6, 2010, alleging that she had become disabled and unable to work on August 31, 2008, at age

37, due to degenerative disc disease, right shoulder pain, carpal tunnel syndrome and bilateral impingement syndrome. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on September 22, 2011, before Administrative Law Judge Jessica Inouye, who subsequently found that the Plaintiff was disabled and entitled to disability benefits for a closed period between February 2009[1] and July 2011, but that her condition improved in August 2011 to the point that she was no longer disabled. The ALJ granted Plaintiff a closed period of disability benefits beginning on February 19, 2009, and ending on July 31, 2011, when the claimant was found to have regained the residual functional capacity to perform a restricted range of sedentary work. (TR 13-28).

When the Appeals Council declined to review the Law Judge's decision, Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed cross Motions for Summary Judgment, and the issue for review is whether Defendant's denial of disability benefits after August 1, 2011, was supported by substantial evidence on the record.

Plaintiff was 40 years old at the time of the administrative hearing, had been graduated from high school, and had been employed during the relevant past as a machine operator, production assembler and industrial cleaner (TR 39-40). Claimant alleged that she was totally disabled as a result of severe pain in her neck, arms and fingers, muscle

---

[1]Plaintiff does not contest the determination that she initially became disabled on February 19, 2009. (Plaintiff's Brief for Summary Judgment at p.1).

weakness, joint cramping, fatigue, shortness of breath and chronic back pain (TR 43-46). Plaintiff explained that she was unable to sit, stand or walk for extended periods (TR 47). She estimated that she could sit or stand for perhaps 45 minutes at one time. Claimant did not believe she could walk more than 50 feet at one time before needing to rest (TR 48).

A Vocational Expert, Donald Hecker, classified Plaintiff's past work as unskilled, sedentary activity (TR 70). The witness testified that there would be no jobs that claimant could do if her testimony were fully accepted (TR 68), but that if she were capable of sedentary work after August 1, 2011, there were numerous surveillance system monitor, inspection/checking, and clerical office jobs that she could perform with minimal vocational adjustment (TR 66-67). These jobs provided a sit-stand option, did not require overhead reaching, exposure to temperature extremes or humidity, and did not involve ladder, rope or scaffold climbing. TR(64-66).

## B.  ALJ's Decision

The Administrative Law Judge found that Plaintiff was impaired as a result of degenerative disc disease, right shoulder pain, carpal tunnel syndrome and bilateral impingement syndrome,  but that she did not have any impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. (TR. 13-28.)  The ALJ determined that the Plaintiff was disabled as a result of severe joint pain between February 19, 2009 and July 31, 2011, by which date she no longer experienced chronic and severe joint pain. Given claimant's medical improvement, the Law Judge determined that her

3

disability ceased as of August 1, 2011, when she regained the residual functional capacity to perform a restricted range of unskilled, sedentary jobs, which did not require overhead reaching, exposure to temperature extremes, or polluted air environments.

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, or resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993).

4

### D.  Medical Improvement

20 CFR §416.994(a)(2013) provides that an individual's entitlement to benefits under the Social Security Act will be reviewed periodically for continued entitlement to benefits.  In those cases, the central question is whether the claimant's medical impairments have improved to the point where the claimant is able to perform substantial gainful activity. 42 U.S.C. § 423(f)(1). Improvement is measured from "the most recent favorable decision" that the claimant was disabled. 20 C.F.R. § 416.994(b)(1)(I). There is no presumption of continuing disability. Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 286-287 n. 1 (6th Cir. 1994).  Instead, the Commissioner applies the procedures that are outlined in 20 C.F.R. §§ 404.1594 and 416.994 to determine whether a claimant's disability has ended and that she is now able to work.

The first part of the evaluation process focuses on medical improvement. The implementing regulations define a medical improvement as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). A determination of medical improvement "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)." Id. A medical improvement is related to an individual's ability to work only "if there has been a decrease in the severity ... of the impairment(s) present at the time of the

5

most recent favorable medical decision and an increase in your functional capacity to do basic work activities ..." 20 C.F.R. § 404.1594(b)(3). *See also* Nierzwick v. Commissioner of Social Security, 7 Fed. Appx. 358, 2001 WL 303522 (6th Cir. 2001).

The second part of the evaluation process relates to ability to engage in substantial gainful activity. The implementing regulations incorporate many of the standards set forth in regulations governing initial disability determinations. See 20 C.F.R. § 404.1594(b)(5) and (f)(7). The difference, however, is that the ultimate burden of proof lies with the Commissioner in termination proceedings. *Id.;* Griego v. Sullivan, 940 F.2d 942, 944 (5th Cir. 1991).

### E.  Discussion and Analysis of Denial of Benefits after August 2011

Substantial evidence existed on the record supporting the ALJ's determination that Plaintiff regained the residual functional capacity for a reduced range of sedentary work activity, identified by the Vocational Expert, after August 2011. The medical evidence demonstrated that claimant's physical condition did, in fact, improve. At the time claimant was found to be disabled in February 2009, MRI results had revealed significant multilevel disc tears in Plaintiff's cervical spine (TR 285). In addition, her range of motion was reduced, and her pain intensified while standing, twisting her neck, bending forward, and stirring (TR 285).

Following back surgery, claimant's condition gradually improved. By August 2011, treatment notes indicated that Plaintiff had a full range of motion along her cervical

and lumbar spine with "no pain upon extension, flexion, right or left lateral rotation [sic]" (TR 474). Straight leg test results were negative, and she had full strength in her upper and lower extremities (TR 474). Although claimant continued to have some tenderness in her back, there were no evidence of scoliosis, kyphoisis, or costovertbral angle tenderness present (TR 474). She was also able to walk normally (TR 474). Moreover, and MRI test conducted in June 2011, revealed only minimal to mild bulging with no signs of herniation (TR 479-80).

Significantly, Dr. Mark Adams, a treating physician, concluded that Plaintiff was not totally disabled from full-time work (Tr 505-508). Dr. Adams opined that the claimant could return to work, provided certain work restrictions were followed. As a result, the ALJ restricted Plaintiff from carrying more than 10 pounds. She could only stand for up to four hours in a eight-hour workday, stand for 45 minutes, and walk for just 10 minutes at a time. The ALJ further limited Plaintiff's from reaching overhead, and found that she had to avoid exposure to extreme temperatures, vibrations and work hazards. She also could not stoop, crouch, crawl, or kneel (TR 25). All of these findings were consistent with Dr. Adams' opinion concerning Plaintiff's work related limitations (TR 505-508). The Law Judge could reasonably find that, despite complaints of chronic joint pain and fatigue, Plaintiff's medical condition did not prevent her from performing a reduced range of sedentary work after

August 2011. There was medical evidence on both sides[2] and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her joint pain after August 1, 2011 were not fully credible.

In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous sedentary surveillance systems monitor, inspection/checking, and clerical office jobs that she could perform with minimal vocational adjustment (TR 66-67). These jobs provided a sit-stand option, did not require overhead reaching, exposure to temperature extremes or humidity, and did not involve ladder, rope or scaffold climbing. (TR 64-66).

---

[2] Contrary to Plaintiff's assertion, the ALJ properly rejected the disability opinion of Dr. Gary Brooks, setting forth persuasive reasons for doing so. While Dr. Brooks concluded that Plaintiff remained unable to perform even sedentary work (TR 509-512), the ALJ expressed concern about the lack of medical documentation to support the disability opinion (TR 21). *See* 20 C.F.R. § 404.1527(c)(2) (A treating physician's opinion is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence in the record.) Plaintiff concedes that Dr. Brook's opinion failed to cite any supporting evidence, but argues that her treatment notes supports the disability opinion (See Plaintiff's Motion for Summary Judgment at p. 8). However, Plaintiff's argument is belied by the fact that Dr. Brooks never cited to any treatment notes. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.). Claimant simply speculates that Dr. Brooks reviewed her laboratory results prior to forming his opinion (Pl.'s Brief at p. 8). Even if this Court were to accept Plaintiff's assertion that Dr. Brooks reviewed her treatment record, Dr. Brooks failed to provide any explanation as to why Plaintiff's laboratory results or treatment record would support his highly restrictive opinion. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535–36 (6th Cir. 2001) ("Dr. Haun provided none of Heston's medical records . . . and does not provide any objective basis for his conclusions."). Because Dr. Brooks's opinion is unaccompanied by any explanation or support, the ALJ reasonably declined to give it significant weight.

In sum, the Commissioner's decision to deny benefits after August 2011, was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Defendant's Motion for Summary Judgment should be granted, that of Plaintiff denied and the instant Complaint dismissed.

## III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.   The response shall address specifically, and in the same order raised, each issue contained within the objections.

9

s/ Charles E Binder

CHARLES E. BINDER
Dated: May 27, 2014                    United States Magistrate Judge


**<u>CERTIFICATION</u>**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

s/ Kristen R. Krawczyk

Kristen R. Krawczyk
Case Manager Specialist

Dated: May 27, 2014

10